20-mj-520 KMM

STATE OF MINNESOTA )
                   )
                   )   ss.   AFFIDAVIT OF JEFFREY WAITE
COUNTY OF HENNEPIN )

FBI Task Force Officer Jeffrey Waite, being duly sworn, states the following:

## INTRODUCTION

1.  Your affiant, Sgt. Jeffrey Waite, is a licensed police officer in the State of Minnesota. Your affiant currently works for the Minneapolis Police Department and has been a police officer for over 25 years, all with the Minneapolis Police Department. Your affiant is currently assigned to the Robbery Unit, conducting investigations of aggravated robberies and simple robberies of persons and businesses. Further, your affiant is also currently a Task Force Officer with the FBI Violent Crimes Task Force. Your affiant has written and/or executed hundreds of search warrants while assigned to the Minneapolis Gang Unit, Minneapolis Violent Offender Task Force, the 3rd and 4th Pct. Investigations Units, and the FBI Safe Streets Violent Gang Task Force. These search warrants have led to the recovery of illegal narcotics, firearms, and stolen property, and the successful prosecution of suspects in both State and Federal court. Your affiant has received training in search warrant writing from the MN BCA, the FBI, and the Hennepin County Attorney's Office, and has assisted in preparing and presenting training on writing and executing search warrants for other members of the Minneapolis Police Department.

2.  The facts and information contained in this affidavit are based upon my own investigation and observations and those of other agents and law enforcement officers involved in the investigation. All observations referenced below that were not made by me

were related to me by the persons who made such observations. This affidavit contains information necessary to support probable cause for the attached Application. It is not intended to include each and every fact and matter observed by me or known to the Government. This affidavit contains information necessary to support probable cause for the requested criminal complaint charging Defendant Damarlo Marcelle WEST with a violation of 18, United States Code, Section 922(g). It is not intended to include each and every fact and matter observed by me or known to those involved in the law enforcement response.

## PROBABLE CAUSE

3. On July 14, 2020, during on ongoing investigation, the Minneapolis Police Department (MPD) developed information identifying Damarlo Marcelle WEST as one of two individuals that had committed an armed car-jacking on July 9, 2020. WEST was alleged to have fired several rounds at the victim of the car-jacking with a handgun. Officers began to search for WEST after they developed this information.

4. Later on July 14, 2020, officers from the MPD received information that WEST was located at a restaurant in Minneapolis. Officers conducted surveillance and observed WEST enter the restaurant wearing a black sweatshirt.

5. Two MPD officers then entered the restaurant and immediately observed WEST. Because he was thought to be armed, and had allegedly recently used a firearm to shoot at a victim, officers ordered him to the ground. WEST failed to comply, and instead hunched over and urgently began reaching into his waistband area, apparently trying to retrieve something.

6. Believing that WEST was likely reaching for a gun, one of the officers ran to WEST and pushed him to the ground. While he was being taken down, WEST was holding on to something in his waistband. The officer continued to struggle with WEST, trying to dislodge his hand from what he was holding. Other officers arrived to assist and WEST continued to struggle. It took several officers to pin WEST to the ground.

7. One of the officers that was part of the struggle said that WEST was holding on to a gun in his waistband. WEST refused to let go of the gun when ordered to do so. It took several officers to remove WEST's hand from the gun. Officers eventually recovered a loaded Sturm/Ruger, Model 9E, 9mm caliber, semi-automatic pistol from WEST's waistband. The firearm had an obliterated serial number.

8. A review of WEST's criminal history shows that in 2016, he was convicted of First Degree Possession of a Controlled Substance in Hennepin County, Minnesota and received a prison sentence of 98 months. He was placed on supervised release in April 2020, and was under court supervision when he possessed the handgun recovered on July 14, 2020. Accordingly, WEST was ineligible to possess a firearm on July 14, 2020.

9. Your Affiant has learned that Sturm/Ruger firearms are manufactured in Arizona and therefore the firearm recovered from WEST had to travel in interstate commerce before it was recovered in his possession.

Further your Affiant sayeth not.

*[signature]*
TFO Jeffrey Waite
Federal Bureau of Investigation

SUBSCRIBED and SWORN before me
by reliable electronic means (FaceTime and
email) pursuant to Fed. R. Crim. P. 41(d)(3)
this 16th day of July, 2020.

*[signature]*
Katherine M. Menendez
United States Magistrate Judge