UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Damarlo Marcelle West,<br><br>Defendant. | Case No. 20-cr-00165 (SRN/TNL)<br><br><br>**ORDER** |

Craig R. Baune, David P. Steinkamp, and Katharine T. Buzicky, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for the Government.

Damarlo Marcelle West, Reg. No. 22464-041, U.S.P. McCreary, P.O. Box 3000, Pine Knot, KY 42635, pro se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Damarlo Marcelle West's pro se motion to vacate his sentence under 28 U.S.C. § 2255 [Doc. 68]. For the reasons below, the Court denies Mr. West's motion and declines to grant a certificate of appealability.

**I.   Background**

On June 23, 2021, Mr. West pleaded guilty to possessing a firearm as a felon, 18 U.S.C. §§ 922(g), 924(a)(2), with a plea agreement in which he "expressly waive[d] the right to petition under 28 U.S.C. [§] 2255." (Doc. 52; Doc. 53 ¶ 9.) The Court accepted his plea as knowing and voluntary, and in the same proceeding, the Court sentenced him

1

to 60 months in prison and 3 years of supervised release. (Doc. 59 at 26:18–27, 43:11–45:16; Doc. 52.) Two days later, the Court entered judgment. (Doc. 55.)

Mr. West filed the instant motion on November 21, 2024. (Doc. 68.) He argues that his sentence was imposed in violation of the Constitution because 18 U.S.C. § 922(g)(1) violates the Second Amendment. (Doc. 68 at 1–2 (citing *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022); *Range v. Att'y Gen.*, 69 F.4th 96 (3d Cir. 2023), *cert. granted, judgment vacated sub nom.* 144 S. Ct. 2706 (2024); *United States v. Prince*, 700 F. Supp. 3d 663 (N.D. Ill. 2023)).)

## II.   Analysis

A federal prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence" on the ground that it "was imposed in violation of the Constitution." 28 U.S.C. § 2255(a). When he so moves, the court must "cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b). But if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," no such procedures are required. *Id.*; *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) ("[A] claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face . . . .").

For three reasons, the Court finds that Mr. West is not entitled to relief. First, he expressly waived the right to petition the Court under § 2255 in his plea agreement, and he does not allege that he did not enter the agreement knowingly and voluntarily or that he received ineffective assistance of counsel. *See DeRoo v. United States*, 223 F.3d 919, 923–

2

24 (8th Cir. 2000).  Second, his motion is barred by a one-year limitation period that began to run when his judgment of conviction became final.  § 2255(f)(1).[1]  And third, the motion fails on the merits.  The United States Court of Appeals for the Eighth Circuit has reaffirmed post-*Bruen*—and even post-*United States v. Rahimi*, 602 U.S. 680 (2024)—that "[t]he longstanding prohibition on possession of firearms by felons is constitutional" and "there is no need for felony-by-felony determinations regarding the constitutionality of § 922(g)(1) as applied to a particular defendant."  *United States v. Cunningham*, 114 F.4th 671, 675 (8th Cir. 2024).

### III.  Certificate of Appealability

A § 2255 petitioner cannot appeal an adverse ruling on the petition unless a court issues a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1).  A court may do so "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  And where the substantive constitutional claim underlying a § 2255 petition has no merit, a court should not grant a certificate.  *Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

The Court finds that Mr. West's constitutional claim lacks merit.  Indeed, it is foreclosed by Eighth Circuit precedent.  *See, e.g.*, *Cunningham*, 114 F.4th at 675.  Mr. West is therefore not entitled to a certificate of appealability.

---

[1] Under some circumstances, the one-year limitation period begins to run sometime after the final judgment of conviction.  *See* § 2255(f)(2)–(3).  But Mr. West alleges no such circumstances.

## IV. Order

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Mr. West's Motion to Vacate under 18 U.S.C. § 2255 [Doc. 68] is **DENIED**; and

2. A certificate of appealability is not issued.

**LET THE JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 27, 2025                /s/ Susan Richard Nelson
                                        SUSAN RICHARD NELSON
                                        United States District Judge